IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONALD HARRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-051 |
| ) | (Formerly CR 312-003) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner, an inmate at FCI Petersburg Low in Petersburg, Virginia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He is currently incarcerated as a result of his plea of guilty to a lesser included offense of his original charge of participation in a twenty-two member drug conspiracy to possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base. See United States v. Harrell, CR 312-003, doc. nos. 1, 468, 479, 480 (S.D. Ga. July 11, 2012) (hereinafter "CR 312-003"). As part of his plea agreement, Petitioner agreed to:

> voluntarily and expressly waive[] the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

CR 312-003, doc. no. 479, pp. 5-6.

On June 20, 2013, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 188 months of imprisonment, a sentence falling at the bottom of guidelines range and below the statutory maximum of twenty years. CR 312-003, doc. no. 627, p. 1; doc. no. 753, p. 4; PSI ¶¶ 71, 72. Petitioner did not file a direct appeal, but filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in January of 2014. CR 312-003, doc. no. 725. After Respondent moved to dismiss the motion, Petitioner moved to voluntarily dismiss his case. CR 312-003, doc. nos. 755, 756. Less than a month after the case was dismissed at Petitioner's request, he filed a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, contending his trial counsel ignored instructions to file an appeal. (Doc. no. 2.) He has submitted a sworn affidavit in support of this ineffective assistance of counsel claim. (Doc. no. 6, Aff. ¶ 6.)

As it did with the first § 2255 motion, Respondent moved to dismiss the § 2255 motion based on the collateral attack waiver contained in the plea agreement. (Doc. no. 5.) In the interim, however, the United States Department of Justice issued a new policy regarding enforcement of appeal waivers in which defendants waive claims of ineffective assistance of counsel on direct appeal and/or collateral attack. See Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), *available at* http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf. This policy provides that "[f]or cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve." Id.

Accordingly, Respondent shall have through and including March 27, 2015, to either (1) withdraw its motion to dismiss, or (2) notify the Court for the record that it intends to stand by its current dispositive motion.

SO ORDERED this 18th day of March, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA