IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RONALD HARRELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-051 |
| ) | (Formerly CR 312-003) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner is currently incarcerated as a result of his guilty plea to a lesser included offense of one of his original charges of participating in a twenty-two member drug conspiracy to possess with intent to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base. See United States v. Harrell, CR 312-003, doc. nos. 1, 468, 479, 480 (S.D. Ga. July 11, 2012) (hereinafter "CR 312-003"). On June 20, 2013, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to 188 months of imprisonment, a sentence falling at the bottom of guideline range and below the statutory maximum of twenty years. CR 312-003, doc. no. 627, p. 1; doc. no. 753, p. 4; PSI ¶¶ 71, 72.

Petitioner filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in January of 2014, raising multiple claims relating to the drug quantity for which he was held accountable at sentencing but then moved to voluntarily dismiss his case. CR 312-003, doc. nos. 725, 756. Less than a month after the case was dismissed at Petitioner's request, he filed the instant § 2255 motion, this time raising only one ground for

relief alleging his trial counsel ignored instructions to file an appeal. (Doc. no. 2.) The Court scheduled an evidentiary hearing and appointed attorney Beau Worthington to represent Petitioner. (Doc. no. 11.)

At the evidentiary hearing, Petitioner announced that he wished to dismiss his § 2255 motion. Subsequent to that announcement, the parties filed a Joint Stipulation as to Dismissal. (Doc. no. 14.) Under Federal Rule of Civil Procedure 41(a)(1), an action may be voluntarily dismissed without a Court order by filing a stipulation of dismissal signed by all parties who have appeared in the action.[1] Therefore, the Court **DIRECTS** the Clerk to **DISMISS** this civil action without prejudice and terminate all pending motions.

Dismissing § 2255 actions without prejudice is permitted. See, e.g., McGee v. United States, CV 111-192 (S.D. Ga. Aug. 17, 2012); Bouttry v. United States, CV 112-032, 2012 WL 2153961, at *1 (S.D. Ga. June 13, 2012). However, Petitioner is reminded that, while a subsequent § 2255 motion will not be barred purely by virtue of the dismissal of this action, any future petition for a writ of habeas corpus and/or § 2255 motion that he files will be subject to all statutory provisions applicable to such actions, including those enacted under the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. §§ 2244 & 2255.

SO ORDERED this 28th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Under Rule 12 of the Rules Governing Section 2255 Cases, "[t]he Federal Rules of Civil Procedure . . . , to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."