IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| UNITED STATES OF AMERICA | * |
|---|---|
| vs. | * CR 312-003-22 |
| RONALD HARRELL | * |

**O R D E R**

Presently pending before the Court is Defendant Ronald Harrell's <u>pro se</u> motion for reconsideration of his sentence. Harrell pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine on December 18, 2012, and he was sentenced on June 20, 2013. At sentencing, Harrell was not given a reduction in his offense level for acceptance of responsibility because he had violated the conditions of his pretrial release. In fact, Harrell was arrested on a drug-related charge while on pretrial release. Through his motion, Harrell argues that he should be given the acceptance of responsibility reduction because the drug-related charge was ultimately nolle prossed.

As a general rule, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c).[1] There are three

---

[1] The Court notes that collateral attacks challenging the validity of a prisoner's judgment and sentence should be brought by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

exceptions to this general rule. First, if the Director of the Bureau of Prisons files a motion asking for a reduction, a court may entertain it under certain circumstances. 18 U.S.C. § 3582(c)(1)(A). Second, Section 3582 references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3582(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. Third, a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2). Harrell's request for a reduction does not fall within any of these exceptions. Accordingly, the Court is without authority to modify his sentence.

Upon the foregoing, Harrell's motion for reconsideration (doc. no. 855) is hereby **DENIED**.[2]

**ORDER ENTERED** at Augusta, Georgia, this 9th day of September, 2015.

UNITED STATES DISTRICT JUDGE

---

[2] Moreover, the drug-related charge was nolle prossed would not necessarily negate a finding that Harrell was in unlawful possession of narcotic drugs while he was on pretrial release.