IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 312-003-22 |
| | * | |
| RONALD HARRELL | * | |

O R D E R

On November 17, 2020, Defendant Ronald Harrell filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have a medical condition that makes him a more serious health risk in the present circumstances of the COVID-19 pandemic. He seeks to be released to home confinement[1] or to be resentenced to time served. The Government opposes the motion.

The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and

---

[1] The United States District Court does not have the authority to order home confinement. Rather, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted)).

compelling circumstances" to leave prison early. Prior to the First Step Act, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release under this statute. However, Section 603(b) of the First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring a motion for compassionate release after either exhausting administrative rights to appeal the BOP's failure to bring such a motion or the passage of thirty days from the defendant's unanswered request to the warden for such relief. 18 U.S.C. § 3582(c)(1)(A). In this case, while Defendant claims he has exhausted his administrative remedies, he provides no proof. His motion is therefore subject to dismissal. Nevertheless, the Court is constrained to make the following comments about Defendant's bid for compassionate release.

Application note 1(A)(ii) of the applicable Policy Statement, U.S.S.G. § 1B1.13, governing the Court's consideration of compassionate release requests lists "suffering from a serious physical or medical condition" as a specific example of an extraordinary and compelling reason to consider reduction of a defendant's sentence. The application note goes on to clarify that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13

2

n.1(A)(ii). Here, Defendant claims that his medical history includes "uncontrolled hypertension/high blood pressure, ventricular arrhythmia, obesity, anxiety, glaucoma, chronic back pain/sciatica, depression, herniated disk, and insomnia." (Def.'s Mot., Doc. No. 954, at 4.) He goes on to explain that he recently "suffered a heart attack and died" only to be resuscitated. (Id.) Defendant and the Government have submitted his inmate medical records which confirm Defendant's medical issues.

Obesity, certain heart conditions, and hypertension are listed by the Centers for Disease Control ("CDC") as significant risk factors that either place or "might" place a person "at increased risk of severe illness from the virus that causes COVID-19." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on January 4, 2020). That is, and as conceded by the Government, Defendant's health conditions, should he contract COVID-19, may substantially diminish his ability for self-care in the prison setting or create a circumstance from which he may not recover.

That said, it remains within the Court's discretion to determine whether a sentence reduction is warranted. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). Upon individualized consideration of this Defendant's circumstances,

3

the Court is sympathetic to his health conditions, the risks he faces during the COVID-19 pandemic, and his general concerns regarding the BOP's response thereto. Yet, it does not appear that Defendant's particular facility, FCI Butner Low located in Butner, North Carolina, is ill-equipped to handle the challenges of COVID-19. In fact, at present the facility has only one inmate and five staff members with active cases of COVID-19. See https://www.bop.gov/coronavirus (last visited January 4, 2020). Moreover, and importantly, Defendant's medical records show that the BOP has closely monitored and adequately addressed any medical issues including his heart attack on September 8, 2020. (See generally Gov't Resp. in Opp'n, Doc. No. 957, Ex. A.) Defendant reported he was "doing great" in a post-op appointment on October 16, 2020. (Id. at 6.) On October 26, 2020, his cardiovascular system was described as normal. (Id. at 2-5.) Further, Defendant has tested negative for COVID-19 on four occasions in the last four months. (Id. at 74, 80, 84.) Thus, despite Defendant's health issues, it is not readily apparent that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted.

Moreover, the Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release. See 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense

4

and his criminal history. Also, Defendant has nearly three years remaining on his sentence; early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. Thus, the Court will not exercise its discretion to release Defendant under the compassionate release provision.

Finally, to the extent that Defendant is challenging the conditions of his confinement, 18 U.S.C. § 3582(c) is not the proper vehicle to do so. <u>Vaz v. Skinner</u>, 634 F. App'x 778, 781 (11th Cir. 2015) ("[R]elease from imprisonment is not an available remedy for a conditions-of-confinement claim."). Rather, such claim is cognizable under 42 U.S.C. § 1983.

Upon the foregoing, Defendant's motion for compassionate release (doc. no. 954) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE